Sydney L. Skidmore, OSB #224931
**LAWYERS *for* JUSTICE, P.C.**
701 Pike Street, Suite 1650
Seattle, WA 98101
Phone: (425) 521-5121
Fax: (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| RUBEN ALEJANDRO, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>WASTE MANAGEMENT OF OREGON, INC.; WM RESOURCES, INC.; WASTE MANAGEMENT, INC.; and DOES 1 through 5, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND** |

Plaintiff RUBEN ALEJANDRO ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated (the Class), by and through their attorneys, brings this Class Action lawsuit against Defendant WASTE MANAGEMENT OF OREGON, INC., WM RESOURCES, INC., WASTE MANAGEMENT, INC., and DOES 1 through 5, inclusive (collectively hereinafter referred to as "Defendants"), seeking to recover for Defendants' violations of Oregon wage and hour laws. Plaintiff complains and alleges as follows:

## (I) JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over the Oregon state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

4. Defendants are subject to personal jurisdiction in this District because Defendants have sufficient minimum contacts with the District such that this suit does not offend traditional notions of fair play and substantial justice.

## (II) PARTIES

5. Plaintiff is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of Oregon.

6. Plaintiff is informed, believes, and based thereon alleges, that Defendant WASTE MANAGEMENT OF OREGON, INC. is an Oregon Profit Corporation that employs and/or employed hourly, non-exempt workers, including Plaintiff and other similarly situated employees in Oregon.

7. Plaintiff is informed, believes, and based thereon alleges, that Defendant WM RESOURCES, INC. employs and/or employed hourly, non-exempt workers, including Plaintiff and other similarly situated employees in Oregon.

8. Plaintiff is informed, believes, and based thereon alleges, that Defendant Waste Management, Inc. employs and/or employed hourly, non-exempt workers, including Plaintiff and other similarly situated employees in Oregon.

9. At all times herein relevant, Defendants WASTE MANAGEMENT OF OREGON, INC., WM RESOURCES, INC., WASTE MANAGEMENT, INC., and DOES 1 through 5, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10. The true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants DOES 1 through 5, inclusive, are unknown to Plaintiff who sues Defendants by such fictitious names. Plaintiff is informed and believes and based on that information and belief, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and other similarly situated employees as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of DOES 1 through 5 when the same have been ascertained.

11. Defendants WASTE MANAGEMENT OF OREGON, INC., WM RESOURCES, INC., WASTE MANAGEMENT, INC., and DOES 1 through 5 shall be referred to hereinafter as "Defendants."

12. Plaintiff is informed, believes, and based thereon alleges, that Defendants, in some manner, intentionally, negligently, or otherwise, are responsible for the acts, omissions, occurrences, and transactions alleged herein.

///

13. Plaintiff is informed, believes, and based thereon alleges, that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and Class Members to make each of said Defendants employers liable under Oregon law.

14. Defendants acted as joint employers of Plaintiff and other similarly situated employees because Defendants, directly or indirectly, exercised sufficient authority and/or control over the terms and conditions of Plaintiff's and Class Members' employment.

15. Defendants have been and are employers within the meaning of ORS 652.310(1), ORS 653.010, OAR 839-020-0004, and 29 U.S.C. § 203(d).

16. Plaintiff and the other similarly situated employees were and are employees of Defendants within the meaning of ORS 652.310(2) and 29 U.S.C. § 203(e).

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

17. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff brings this action on Plaintiff's own behalf and on behalf of all other persons similarly situated, and thus seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants in the United States at any time during the period from three years prior to the filing of this Complaint to the date of final judgment in this action and who choose to opt-in to this action (referred to herein as the "FLSA Collective" or "FLSA Collective Members").

18. Plaintiff reserves the right to establish subclasses as appropriate.

19. Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216(b). Like Plaintiff, each potential member of the FLSA Collective must sign a written consent

///

to join this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an “opt-in” plaintiff.

20. Notice of the pendency and any resolution of this action can be provided to potential FLSA Collective Members by mail, print, internet, and/or telephone text message publication.

21. There is a well-defined community of interest in the litigation and the potential FLSA Collective Members are readily ascertainable.

22. There are common questions of law and fact as to the FLSA Collective that predominate over questions affecting only individual members, including and not limited to:

a. Whether Defendants required Plaintiff and FLSA Collective Members to work over forty (40) hours per week and failed to pay legally required overtime compensation to them;

b. Whether Defendants failed to pay minimum wages to Plaintiff and FLSA Collective Members;

c. Whether Defendants required Plaintiff and FLSA Collective Members to work off the clock and thereby failed to pay legally required wages to Plaintiff and FLSA Collective Members for all hours worked;

d. Whether Defendants failed to incorporate all forms of earned, non-discretionary compensation into the regular rate of pay used to calculate and pay overtime wages;

e. Whether Defendants failed to pay Plaintiff and FLSA Collective Members legally required wages by requiring Plaintiff and FLSA Collective Members to incur employer and/or business-related expenses and failing to reimburse for them;

f. Whether Defendants’ conduct was willful; and

g. Whether Plaintiff and FLSA Collective Members have sustained damages, and if so, what is the proper measure of those damages.

23. Defendants' unlawful conduct has been widespread, repeated, and consistent.

24. The FLSA Collective Members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## (III) CLASS ACTION ALLEGATIONS

25. Plaintiff brings this class action on Plaintiff's own behalf and on behalf of all other members of the public similarly situated pursuant to FRCP 23, and seeks to represent and certify a class ("Class" or "Class Members") defined as follows:

**Class**: All current and former hourly-paid or non-exempt employees who worked for Defendants within the State of Oregon at any time during the period from six (6) years preceding the filing of this Complaint to final judgment.

**A. Overtime Wage Subclass**: All Class Members who worked for Defendants within the State of Oregon at any time during the period from two (2) years preceding the filing of this Complaint to final judgment.

**B. Terminated Employee Subclass**: All Class Members who are no longer employed by Defendants.

26. Plaintiff reserves the right to establish additional subclasses as appropriate.

27. The members of the Class and Subclasses (hereinafter collectively, "Class" or "Class Members") are ascertainable and there is a well-defined community of interest in the litigation:

28. **Numerosity and Ascertainable Class**: The Class Members are so numerous that joinder of all Class Members is impracticable. The membership of the Class is unknown to

Plaintiff currently. However, the Class is estimated to be approximately fifty (50) or more individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' records.

29. **Commonality**: Plaintiff's claims are typical of all other Class Members as demonstrated herein. Plaintiff, like other Class Members, worked for Defendants as an hourly-paid or non-exempt employee in Oregon. The claims of Plaintiff, like the claims of the Class Members, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories. Questions of law and fact common to Plaintiff and the Class predominate over any questions affecting only individual members. The following common questions of law or fact, among others, exist as to the Class Members:

(a) Whether Defendants failed to compensate Plaintiff and Class Members for all hours worked, including minimum, regular, and overtime wages;

(b) Whether Defendants failed to provide Plaintiffs and Class Members with meal periods or provided meal periods that were interrupted, cut short, or untimely, or required Plaintiff and Class Members to remain on-duty or on-call during their supposed meal periods and failed to compensate them for this time;

(c) Whether Defendants failed to timely pay all wages due to Plaintiff and Class Members during their employment;

(d) Whether Defendants failed to timely pay Plaintiff and the Terminated Employee Subclass all wages due upon the end of their employment;

(e) Whether Defendants failed to pay Plaintiff and the Overtime Wage Subclass all overtime wages earned as required by law;

(f) Whether Defendants were unjustly enriched from Defendants' payroll and other employment practices or policies under the common law of the State of Oregon;

(g) Whether Defendants had actual or constructive knowledge of the facts set forth herein;

(h) Whether Defendants' actions set forth herein were willful, intentional, and/or reckless; and

(i) The proper formula for calculating damages owed to Plaintiff and the Class as alleged herein, including the nature and extent of Plaintiff and Class Members' injuries, damages, and loss, and the measure of compensation for such injuries, damages, and loss.

30. Typicality: Plaintiff's claims are typical of all other Class Members as demonstrated herein. Plaintiff worked for Defendants as a non-exempt employee in Oregon. Plaintiff was not paid all wages that were owed, was not paid all overtime wages, and did not receive all wages upon termination of employment. The claims of Plaintiff and Class Members arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

31. Adequacy of Representation: Plaintiff will fairly and adequately protect the interests of each the Class with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has retained competent and capable attorneys who are experienced with complex and class action litigation and employment law. Plaintiff and Plaintiff's Counsel are committed to prosecuting this action diligently and zealously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's Counsel have interests that are antagonistic to, contrary to, or conflict with those of the other Class Members.

32. Superiority of Class Action: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all Class Members is impractical. Plaintiff and Class Members have suffered and will continue to suffer

harm and damages because of Defendants' unlawful and wrongful conduct. Absent a class action, most Class Members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

33. Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide Class Members who are not named in the complaint anonymity that allows for the vindication of their rights. If each individual member of the Class were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each Class Member with Defendants' vastly superior financial legal resources.

## (IV) FACTUAL ALLEGATIONS

34. At all relevant times set forth herein, Plaintiff, FLSA Collective Members, and Class Members were employed and/or performed work for Defendants as hourly-paid or non-exempt employees within Oregon.

35. Defendants are involved in the waste management industry.

36. Defendants, jointly and severally, employed Plaintiff as a non-exempt employee from approximately February 2025 through February 2026, in the State of Oregon. Plaintiff was employed by Defendants as an hourly-paid Heavy Equipment Operator in Portland, Oregon and paid at an hourly rate of approximately $34.00.

///

37. Plaintiff, FLSA Collective Members, and Class Members performed non-exempt work for Defendants and were subject to the same centralized and uniform employment and operations policies, practices, and procedures.

38. Plaintiff is informed and believes, and based thereon alleges, that throughout Plaintiff's employment with Defendants, Defendants engaged in a pattern and practice of wage abuse against Plaintiff, FLSA Collective Members, and Class Members. This pattern and practice involved, *inter alia*, failing to provide Plaintiff, FLSA Collective Members, and Class Members with all required meal periods and all compensation due for all hours worked as required under Oregon and Federal law.

***(a) Meal Periods***

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a common course of requiring or permitting Plaintiff and Class Members to work more than six consecutive hours without providing a 30-minute, duty-free meal period and/or more than 14 hours without a second, duty-free meal period. Instead, Defendants provided Plaintiff and Class Members with no meal periods or, if they did provide meal periods, those meal periods were untimely, interrupted, cut short, or Plaintiff and Class Members remained on-duty or on-call during the supposed meal periods.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to ensure Plaintiff and Class Members have received compliant meal periods or the associated pay to which they are entitled.

***(b) Off-the-Clock Work and Unpaid Minimum, Regular, and Overtime Wages***

41. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff, FLSA Collective Members, and Class Members were entitled

///

to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a common course of failing to pay minimum wages to Plaintiff, FLSA Collective Members, and Class Members for all hours worked by, inter alia, failing to provide Plaintiff, FLSA Collective Members, and Class Members with thirty minutes of pay for each missed meal period and/or for each meal period that was interrupted, cut short, untimely, and/or every meal period in which Plaintiff, FLSA Collective Members, and Class Members remained on-duty or on-call.

43. Plaintiff is informed and believes, and based thereon alleges, Defendants engaged in a common course of failing to compensate Plaintiff, FLSA Collective Members, and Class Members for all work performed and/or compensable time, including, inter alia, work performed off-the-clock before clocking-in for a shift, after clocking-out for what should have been a duty-free meal period, and/or after clocking out for a shift. The time spent performing these duties was not compensated at applicable the minimum, regular, and/or overtime rates under Oregon or Federal law, which gives rise to wage violations.

44. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff, FLSA Collective Members, and Class Members regularly worked at least forty (40) or more hours per week.

45. Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff, FLSA Collective Members, and Class Members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

46. Defendants have done so by, among other things, failing to compensate Plaintiff and Class Members' time that they were required to perform work before clocking in for their

shift, after clocking out for what should have been a duty-free meal period, and after clocking out for their shift.

***(c) Failure to Timely Pay Wages During Employment and at Termination of Employment***

47. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all wages owed to them during their employment.

48. Defendants knew or should have known that, following termination of employment, Plaintiff and Terminated Employee Subclass Members were entitled to all their wages, including minimum, regular, and overtime wages, within the time permitted under Oregon law.

49. Defendants knew or should have known that Defendants failed to timely pay all such wages owed to Plaintiff and Class Members during their employment and upon termination of employment, including minimum, regular, and overtime wages.

***(d) Failure to Provide Accurate Itemized Statement of Pay and Bases Therefor***

50. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a common course of not providing Plaintiff and Class Members with accurate and timely itemized statements concerning their pay and the bases therefor as required by ORS 652.610. Defendants' failure to provide accurate pay statements includes, inter alia, the failure to accurately reflect the total hours worked during the pay period including work performed off-the-clock. Furthermore, the itemized statements did not include business-related expenses that Defendants forced Plaintiff and Class Members to incur that, as alleged below, lowered the wages paid to Plaintiff and Class Members below the minimum wage.

///

///

***(e) Failure to Reimburse Business Expenses that Lowered Wages Below Minimum Wage***

51. Plaintiff is informed and believed, and based thereon alleges, that Defendants engaged in a common course of making deductions and collecting rebates from the wages of, or compensation to be paid to, Plaintiff and Class Members by requiring Plaintiff and Class Members to incur employer and/or business-related expenses and costs that reduced Plaintiff's and Class Members' take home pay below the legally required wage rates.

52. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement for employer and/or business-related expenses and costs.

## (V) CAUSES OF ACTION

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of the Fair Labor Standards Act Overtime**
**29 U.S.C. § 207**
**(On Behalf of Plaintiff and the FLSA Collective)**

53. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

54. The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

55. At all material times set forth herein, Plaintiff and FLSA Collective Members did not qualify for exempt status under the FLSA.

56. During the relevant time period, Plaintiff and FLSA Collective Members worked in excess of 40 hours in a workweek; however, the proper overtime compensation was not paid by Defendants. In at least one workweek, Plaintiff worked more than forty hours, including work

///

performed off-the-clock. Defendants paid Plaintiff for recorded hours only and did not pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked over forty.

57. During the relevant time period, Defendants required Plaintiff and the FLSA Collective Members to incur employer and/or business-related expenses and costs and failed to reimburse them. These unreimbursed costs constitute necessary business expenditures incurred in direct consequence of Plaintiff and FLSA Collective Members' job duties or in obedience to Defendants' directions. These unreimbursed costs reduced Plaintiff and FLSA Collective Members' take-home pay below the legally-required wage rates. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation and failure to reimburse all necessary business-related expenses was and is a result of a single, uniform policy or practice.

58. During the relevant time period, Defendants' failure to pay Plaintiff and FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively Defendants' reckless disregard for the requirements of those provisions.

59. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION
**Violation of the Fair Labor Standards Act Minimum Wages**
**29 U.S.C. § 206**
**(On Behalf of Plaintiff and the FLSA Collective)**

60. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

61. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and FLSA Collective Members were entitled to receive minimum wages for all hours worked.

///

62. At all material times set forth herein, Defendants violated Plaintiff's and FLSA Collective Members' rights to minimum wage by imposing business expenses on them and failing to fully reimburse them for all necessary business-related expenses incurred by Plaintiff and FLSA Collective Members.

63. At all material times set forth herein, Defendants' failure to pay Plaintiff and FLSA Collective Members minimum wages for all hours worked and failing to fully reimburse all necessary business-related expenses, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful. Moreover, Defendants' failure to pay Plaintiff and the FLSA Collective Members minimum wages and failure to reimburse all necessary business-related expenses, was and is a result of a single, uniform policy or practice to deny minimum wage compensation to them.

64. At all material times Defendants' failure to pay Plaintiff and FLSA Collective Members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively Defendants' reckless disregard for the requirements of those provisions.

65. As a result of Defendants' unlawful conduct, Plaintiff and FLSA Collective Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

66. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and FLSA Collective Members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

///

///

///

**<u>THIRD CAUSE OF ACTION</u>**
**Payment of Wages Less Than Minimum and/or Straight Time Wages**
**ORS 653.025 and OAR 839-020-0040**
**(On Behalf of Plaintiff and the Class)**

67. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

68. Pursuant to ORS 653.025, Defendants are required to pay Plaintiff and Unpaid Class Members no less than the minimum wage for all hours worked. ORS 653.025 sets a minimum wage requirement for all covered employees depending on geographic region. ORS 653.025(1), (2), (3).

69. Plaintiff and Class Members are entitled to be paid for all "hours worked." OAR 839-020-0040. OAR 839-020-0004(21) defines "Hours worked" as "all hours for which an employee is employed by and required to give to the employer and includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place and all time the employee is suffered or permitted to work." "Hours worked" includes "work time" as defined in ORS 653.010."

70. Plaintiff and Class Members were required to perform work off-the-clock by working before clocking in for a shift, after clocking out for a meal period, and/or after clocking out at the end of a shift.

71. By engaging in the acts alleged herein, Defendants paid Plaintiff and Class Members wages less than the minimum or agreed-upon straight time wage for hours worked, in violation of Oregon law, including, *inter alia*, the provisions of ORS 653.025.

72. Employers who pay any employee less than minimum wage are liable to those employees for the failure to pay minimum wage, in addition to costs, and reasonable attorney's fees. ORS 652.200(2), 653.055.

///

73. As a result of the herein alleged unlawful acts of Defendants, Plaintiff and Class Members have been deprived of compensation in amounts to be determined at trial and are entitled to recover unpaid wages and attorneys' fees under ORS 653.055.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**ORS 653.261(1) and OAR 839-020-0030**
**(On Behalf of Plaintiff and the Unpaid Overtime Subclass)**

74. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

75. Pursuant to ORS 653.261(1) and OAR 839-020-0030, Defendants are required to pay Plaintiff and Unpaid Overtime Subclass Members one and one-half times their regular rate of pay for all hours worked more than forty hours in each workweek.

76. Plaintiff and Class Members were required to perform work off-the-clock by working before clocking in for a shift, after clocking out for a meal period, and/or after clocking out at the end of a shift.

77. In determining the number of hours worked in each workweek, Defendants did not include non-compliant meal periods and off-the-clock work, thereby depriving Plaintiff and Unpaid Overtime Subclass Members of overtime pay to which they were entitled.

78. By engaging in the acts alleged herein, Defendants violated Oregon law, including, inter alia, the provisions of ORS 653.261(1) and OAR 839-020-0030, by not paying Plaintiff and Unpaid Overtime Subclass Members one and one-half times their regular rate of pay for all hours they worked more than forty hours in each workweek.

79. As a result of the alleged unlawful acts of Defendants, Plaintiff and Unpaid Overtime Subclass Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to the recovery of, inter alia, unpaid wages, interest, and attorneys' fees and costs (including, and not limited to, under ORS 653.055).

**<u>FIFTH CAUSE OF ACTION</u>**
**Deducting Pay for Meal Periods Without Providing Meal Periods**
**OAR 839-020-0050**
**(On Behalf of Plaintiff and the Class)**

80. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

81. ORS 653.261 and its implementing regulation, OAR 839-020-0050, provide that employees shall be allowed certain meal periods during their shifts.

82. OAR 839-020-0050 provides that employers must provide employees a meal period of at least thirty (30) minutes for each work period of not less than six or more than eight hours, and that if an employer requires an employee to remain on duty, the meal periods shall be on the employer's time.

83. OAR 839-020-0050(2)(a) provides that, if the work period is seven hours or less, the meal period is to be taken after the conclusion of the second hour worked and completed prior to the commencement of the fifth hour worked. If the work period is more than seven hours, the meal period is to be taken after the conclusion of the third hour worked and completed prior to the commencement of the sixth hour worked.

84. Defendants failed to provide Plaintiff and Class Members with thirty-minute duty-free meal periods as required by Oregon law. Instead, Defendants deprived Plaintiff and Class Members of their meal periods, provided them with short, untimely, or interrupted meal periods, and/or required that they remain on-duty or on-call during their meal periods and failed to pay them for that time.

85. By engaging in the acts alleged herein, Defendants violated Oregon law, including, *inter alia*, the provisions of ORS 653.261 and OAR 839-020-0050.

86. As a result of the herein alleged unlawful acts of Defendants, Plaintiff and Class Members have been deprived of compensation in amounts to be determined at trial, and are entitled

to the recovery of, *inter alia*, unpaid wages, interest, and attorneys' fees and costs (including, and not limited to, under ORS 653.055).

**SIXTH CAUSE OF ACTION**
**Failure To Pay Wages Due at Established Pay Periods**
**ORS 652.120**
**(On Behalf of Plaintiff and the Class)**

87. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

88. All wages earned by an employee shall be paid on an established pay day, no longer than 35 days from the time that the employees entered upon their work or from the date of the last regular payday. ORS 652.120(2).

89. Defendants are required to pay Plaintiff and Class Members all wages to which they are entitled but, as alleged herein, Defendants failed to do so in accordance with Oregon law, including, *inter alia*, as required by ORS 652.120. Among other things, Defendants failed to pay Plaintiff and Class Members for all hours worked off-the-clock and during purported meal periods.

90. By engaging in the unlawful acts alleged herein, Defendants violated Oregon law, including, *inter alia*, the provisions of ORS 652.120.

91. As a result of the alleged unlawful acts of Defendants, Plaintiff and Class Members have been deprived of compensation in amounts to be determined at trial and are entitled to the recovery of, *inter alia*, unpaid wages, interest, and attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**
**Failure To Pay Wages Owed at Termination of Employment**
**ORS 652.140; ORS 652.150**
**(On Behalf of Plaintiff and the Terminated Employee Subclass)**

92. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

93. Pursuant to ORS 652.140(1), "When an employer discharges an employee or when employment is terminated by mutual agreement, all wages earned and unpaid at the time of the

///

discharge or termination become due and payable not later than the end of the first business day after the discharge or termination."

94. Pursuant to ORS 652.150, when an employer fails to pay all wages due, the wages or compensation of such employee shall continue for each day they remain unpaid, up to 30 days.

95. Defendants intentionally and willfully failed to pay Plaintiff and Terminated Employee Subclass Members all wages earned and unpaid within 48 hours as required by Oregon law when Plaintiff and Terminated Employee Subclass Members terminated their employment with Defendants.

96. As a result of the unlawful acts of Defendants, Plaintiff and Terminated Employee Subclass Members have been deprived of compensation in amounts to be determined at trial and pursuant to ORS 652.140, and are entitled to such unpaid wages, together with attorney's fees, costs and disbursements, as well as pre- and post-judgment interest. They are also entitled to penalties pursuant to ORS 652.150.

## EIGHTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Statements of Pay and Bases Therefor**
**ORS 652.610 and ORS 652.615**
**(On Behalf of Plaintiff and the Class)**

97. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

98. ORS 652.610 requires employers to provide accurate itemized statements at the time the payment of wages is made. The statements must include all information relevant to the pay and bases therefor, including: The date of the payment, the dates of work covered by the payment, the name of the employee, the name and business registry number or business identification number of the employer, the address and telephone number of the employer, the rate or rates of pay, the basis on which the employee is paid, gross wages, net wages, deductions, any

///

allowances claimed as part of minimum wage, and the total hours worked during the pay period. ORS 652.610(b).

99. Defendants have intentionally and willfully failed to provide complete and accurate itemized statements as required by ORS 652.610. Among other things, the itemized statements inaccurately stated the number of hours worked because they did not include off-the-clock work.

100. Under ORS 652.615, employees are entitled to recover "actual damages or $200, whichever is greater. In any such action the court may award to the prevailing party, in addition to costs and disbursements, reasonable attorney fees."

101. Therefore, Plaintiff and Class Members are entitled to recover $200 or their actual damages, whichever is greater, along with their costs and legal fees, for each violation of ORS 652.610.

## NINTH CAUSE OF ACTION
**Failure to Reimburse Business-Related Expenses**
**OAR 839-020-0020**
**(On Behalf of Plaintiff and the Class)**

102. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

103. Oregon law prohibits employers from forcing employees to incur unreimbursed business expenses if doing so lowers the employees' wages below minimum wage. OAR 839-020-0020.

104. Defendants forced Plaintiff and Class Members to incur business-related expenses that lowered Plaintiff and Class Members' wages below minimum wage.

105. In so doing, Defendants failed to pay Plaintiff and Class Members the minimum wage to which they were and are entitled under Oregon law. ORS 653.025. Defendants are therefore liable to Plaintiff and Class Members under ORS 653.055.

///

## PRAYER FOR RELIEF

Wherefore, Plaintiff, individually and on behalf of the Classes, prays for judgment against Defendants, jointly and severally, as follows:

(a) An order preventing Defendants from retaliating in any way against Plaintiff and any Member of any Class who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

(b) An order certifying this case as a class action;

(c) An order appointing Plaintiff as representative of the Classes;

(d) An order appointing counsel for Plaintiff as counsel for the Classes;

(e) All unpaid regular, minimum, and/or overtime wages owed under Oregon law;

(f) All compensatory damages owed under Oregon law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Members of the Classes, together with interest on these amounts, according to the proof;

(g) An award and/or imposition of civil and/or statutory penalties due under Oregon law;

(h) All attorneys' fees, costs and disbursements as provided by Oregon law;

(i) Pre- and post-judgment interest as provided by Oregon law;

(j) For restitution of unpaid wages;

(k) Injunctive relief prohibiting and enjoining Defendants from engaging in the conduct alleged herein;

(l) For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully

acquired by Defendants as a result of violating Oregon law, as provided and allowed by law;

(m) Leave to amend this Complaint to conform with the evidence; and

(n) Such other and further relief as this Court deems just and proper.

Respectfully submitted November 11, 2026.

**LAWYERS *for* JUSTICE, P.C.**

*/s/ Sydney L. Skidmore*
Sydney L. Skidmore, OSB #224931
*Attorneys for Plaintiff and Class*